REYNOLDS ET AL. v. THOMAS AND JAMES BIRD.

A note obtained by fraud and imposition may be avoided by pleading the fraud.

ACTION on note dated 26th August A. D. 1789, for £23 6s.

Plea in bar — That on the 25th of June, A. D. 1783 said Thomas and one S. Crow, gave their note to the plaintiffs for the sum of £18 14s., the proper debt of said Crow; that the plaintiffs having discharged said Crow by cutting his name from said note, applied to the said Thomas and insisted upon his getting his father James Bird, to give a new note with him for said debt, and to induce him to do it, affirmed that said first note was no way paid or discharged, and that he would deliver it up to him no way defaced; that thereupon the said

James, by the procurement of the said Thomas, executed the note on which, etc. to the plaintiffs; and the plaintiffs, after having got the note on which, etc. delivered to the defendants said first note, which was signed by said Crow and said Thomas, with his said Crow's name cut from it; and thereupon say . that said first note for which the note in suit was given, was discharged and satisfied.

The plaintiffs replied — That they ought not to be barred, without that, that said first note, was satisfied.   Issue to the jury.   The jury found that said first note was satisfied in manner and form as the defendants in their plea and rejoinder had alleged, etc.

The plaintiffs moved in arrest of judgment, that said issue was immaterial — 1st. Because, satisfied is a word of uncertain meaning and import, unless it appears how the note was satisfied.    2d. The plea admits the execution of said note, and goes only to the consideration for which it was given; and as stated in the plea is but a partial fraud and cannot avoid the contract.

Judgment — Motion in arrest insufficient.     The term satisfied, in legal understanding, when applied to a note or a bond, is, that it is paid.    The plea alleges that said note was discharged and satisfied; and points out particularly how — the plaintiffs traverse said notes being satisfied only; and by this they admit all the facts in the plea; and traverse only whether those facts amount to a satisfaction.     The verdict is that said note was satisfied in manner and form as plead; so that the question to the court now is, upon the above state of the case, whether this was such a complete fraud as to avoid the contract?    And whether the defendants may avail themselves of it by pleading?

As to the first point it is clearly a complete fraud. . Had the defendants paid the money, instead of giving their note, they most certainly might have recovered it back in an action of *indebitatus assumpsit.*

As to the second; fraud as well as duress or usury or other

unlawful consideration, may be plead in avoidance of a deed, bond, or note.

The case of Ford v. Atwater, tried at New Haven adjourned Superior Court, A. D. 1773, is to this point; one Graham a bankrupt by the assistance of some friend put on the appearance and dress of a man of property, and applied to the plaintiff to purchase a pair of oxen; the plaintiff not being acquainted with his circumstances, but from his appearance and address, took him to be a man of property, sold him his oxen upon credit, and took his note for them; soon after Ford discovered that said Graham was a bankrupt, and a very great villain, and that the dress and appearance he wore, was not his own, but borrowed for the purposes of deception. Ford finding his oxen in the possession of said Atwater, who pretended he had them in keeping for Graham, demanded them and brought his action of trover for them and recovered, upon the ground that the property never passed out of him by reason of the fraud in the purchase.